Charlotte I. LELLHAME,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.

No. 03–16828.

D.C. No. CV–02–05623–DLB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17, 2005.

Decided April 20, 2005.

Harvey P. Sackett, San Jose, CA, for Plaintiff–Appellant.

Dennis J. Hanna, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before THOMAS, FISHER, Circuit Judges, and ROBART, District Judge.*

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

MEMORANDUM**

Appellant Charlotte I. Lellhame ("Lellhame") appeals the district court's decision affirming the Commissioner of Social Security's ("Commissioner") denial of disability benefits. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to affirm a determination of the Social Security Administration *de novo*. *Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir.2000). The court must review the record and affirm the Commissioner's determination if it is supported by "substantial evidence" and based on correct legal standards. *Mayes v. Massanari,* 276 F.3d 453, 458–59 (9th Cir.2001). We reverse and remand.

The opinions of Dr. Lakshmi Neena Madireddi and Dr. Norman Wheeler are "substantial evidence" supporting the Administrative Law Judge's ("ALJ") determination that Lellhame is capable of performing "medium work." The ALJ failed, however, to apply and document the "special technique" for evaluating Lellhame's alleged depression. *See* 20 C.F.R. § 404.1520a (establishing procedure). Therefore, we remand on this issue.

The ALJ's determination that Lellhame is ineligible to receive disability benefits based on her ability to perform a "hand packager" position also must be remanded. The ALJ properly refused to rely on the Medical–Vocational Guidelines and considered additional testimony from a vocational expert. *See Tackett v. Apfel,* 180 F.3d 1094, 1101–02 (9th Cir.1999) (ALJ

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

may rely on guidelines alone only when they completely and accurately describe a claimant's limitations). Nonetheless, the ALJ's ultimate reliance on the vocational expert's testimony is flawed because the ALJ failed to "elicit a reasonable explanation" for the apparent conflict between the vocational expert's testimony, the Dictionary of Occupational Titles, and Lellhame's inability to read and limited understanding of English. Social Security Ruling ("SSR") 00–4p. Although the vocational expert testified that Lellhame could work as a "hand packager," this position requires an individual to recognize the meaning of "2,500 (two- or three-syllable) words" and read "95–120 words per minute." *Dictionary of Occupational Titles* 920.587–018. Therefore, we remand Lellhame's claim to the Social Security Administration for reconsideration of her depression and limited literacy skills.

**REVERSED AND REMANDED.**